IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HEATHER MAE M.,[1]                                 3:19-cv-01108-BR

            Plaintiff,                          OPINION AND ORDER

v.

Commissioner, Social
Security Administration,

            Defendant.


**KEVIN KERR**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

            Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

_____

      [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.

1  - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JACOB PHILLIPS**
Social Security Administration
Office of the General Counsel
701 Fifth Avenue
Suite 2900 M/S221A
Seattle, WA 98104-7075
(206) 615-2274

      Attorneys for Defendant

**BROWN, Senior Judge.**

     Plaintiff Heather Mae M. seeks judicial review of a final

decision of the Commissioner of the Social Security

Administration (SSA) in which he denied Plaintiff's applications

for Supplemental Security Income (SSI) and Disability Insurance

Benefits (DIB) under Titles XVI and II of the Social Security

Act.

     For the reasons that follow, the Court **REVERSES** the

Commissioner's decision and **REMANDS** this matter pursuant to

sentence four of 42 U.S.C. § 405(g) for further proceedings.

## ADMINISTRATIVE HISTORY

     Plaintiff filed her application for DIB on November 6, 2015,

and her application for SSI on December 7, 2015.  Tr. 240, 242.[2]

Plaintiff alleged a disability onset date of April 30, 2012.  Her

---

    [2] Citations to the official transcript of record filed by
the Commissioner on February 5, 2020, are referred to as "Tr."

2  - OPINION AND ORDER

applications were denied initially and on reconsideration.  An
Administrative Law Judge (ALJ) held a hearing on January 17,
2018, and a supplemental hearing on May 10, 2018.  Tr. 34-42,
43-69.  At the January 17, 2015, hearing Plaintiff amended her
alleged onset date to January 1, 2015.  Plaintiff and a
vocational expert (VE) testified.  A medical expert (ME)
testified at the May 10, 2018, supplemental hearing.  Plaintiff
was represented by an attorney at both hearings.

On June 21, 2018, the ALJ issued an opinion in which he
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 15-28.  Pursuant to 20 C.F.R. § 404.984(d) that
decision became the final decision of the Commissioner on May 16,
2019, when the Appeals Council denied Plaintiff's request for
review.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07
(2000).


## BACKGROUND

Plaintiff was born on December 9, 1978.  Tr. 240.  Plaintiff
was 39 years old at the time of both hearings.  Plaintiff has a
GED.  Tr. 49.  Plaintiff has past relevant work experience as a
commercial cleaner.  Tr. 27.

Plaintiff alleges disability due to multiple sclerosis,
Graves Disease, tendonitis in her right shoulder, depression,
anxiety, and post-traumatic stress disorder (PTSD).  Tr. 72.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 20-23, 25-26.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as

adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11
(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)).  "It is more than a mere scintilla [of
evidence] but less than a preponderance." *Id.* (citing *Valentine*,
574 F.3d at 690).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner
determines the claimant is engaged in substantial gainful
activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

*See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require

complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her January 1, 2015, amended

7  - OPINION AND ORDER

onset date.  Tr. 17.

At Step Two the ALJ found Plaintiff has the severe impairments of affective disorder and anxiety disorder.  Tr. 17. The ALJ found Plaintiff's spine disorder, gastrointestinal disorder, Grave's Disease, right-shoulder pain, right-knee pain, and marijuana abuse disorder are not medically determinable impairments.  Tr. 18.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments or combination of impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 18.  The ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels with the following nonexertional limitations: "she is limited to performing simple routine tasks with a specific vocational preparation (SVP) rating of 1 or 2, and she can have occasional public contact."  Tr. 19.

At Step Four the ALJ found Plaintiff is able to perform her past work.  Tr. 27.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 28.

## DISCUSSION

Plaintiff contends the ALJ erred when he gave "little weight" to the opinion of the medical expert, Richard Cohen, M.D., and, therefore, the Court should remand this matter for

further proceedings.

**I.    The ALJ erred when he gave "little weight" to the opinion of
Dr. Cohen, medical expert.**

Plaintiff alleges the ALJ erred when he gave little weight
to the opinion of Dr. Cohen.

A nonexamining physician is one who neither examines nor
treats the claimant. *Lester*, 81 F.3d at 830.  "The opinion of a
nonexamining physician cannot by itself constitute substantial
evidence that justifies the rejection of the opinion of either an
examining physician or a treating physician." *Id.* at 831.  When
a nonexamining physician's opinion contradicts an examining
physician's opinion and the ALJ gives greater weight to the
nonexamining physician's opinion, the ALJ must articulate his
reasons for doing so. *See, e.g.*, *Morgan v. Comm'r of Soc. Sec.
Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining
physician's opinion can constitute substantial evidence if it is
supported by other evidence in the record. *Id.* at 600.

Dr. Cohen testified as an impartial medical expert at the
May 10, 2018, hearing.  Dr. Cohen reviewed Plaintiff's medical
records and concluded in his opinion that Plaintiff has a
"schizoaffective disorder under [Listing] 12.03."  Tr. 39.
Dr. Cohen noted the record reflects Plaintiff has "psychotic
symptoms of paranoia, auditory hallucinations, and disorganized
thinking.  There is a bipolar this is a bipolar type, and there
is -- with depressive symptomatology."  Tr. 39.  Dr. Cohen also

9  - OPINION AND ORDER

noted Plaintiff "was molested by her cousin when she was young. She has nightmares, flashbacks, intrusive memories of this horrible event.  This meets the criteria for 12.15."  Tr. 39.

To meet the mental disorders at issue (Listings 12.03 and 12.15) the Social Security Regulations provide a claimant must establish she satisfies either the requirements of paragraphs A and B or A and C of those Listings.

> "Paragraph A of each listing . . . includes the medical criteria that must be present in [the] medical evidence.
>
> * * *
>
> Paragraph B of each listing . . . provides the functional criteria [assessed], in conjunction with a rating scale . . . to evaluate how [the claimant's] mental disorder limits [her] functioning [in four areas (*i.e.*, the ability to (1) understand, remember or apply information; (2) interact with others; (3) concentrate, persist or maintain pace; and (4) adapt or manage oneself)].
>
> * * *
>
> Paragraph C of Listings . . . 12.03 . . . and 12.15 provides the criteria [used] to evaluate "serious and persistent mental disorders."

*Ralph B. v. Saul*, No. ED CV 19-1695-E, 2020 WL 3057800, at *12 (C.D. Cal. June 9, 2020)(quoting 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.00, *et seq.*).  The C criteria is the same for Listings 12.03 and 12.15 and provides a claimant meets the C criteria when her

> mental disorder . . . is serious and persistent, that is, [she has] a medically documented history

of the existence of the disorder over a period of
at least 2 years, and there is evidence of *both*:
1. Medical treatment, mental health therapy,
psychosocial support(s), or a highly structured
setting(s) that is ongoing and that diminishes the
symptoms and signs of your mental disorder; and
2. Marginal adjustment, that is, [she has] minimal
capacity to adapt to changes in [her] environment
or to demands that are not already part of [her]
daily life.

20 C.F.R. Part 404, Subpart P, App. 1 (Listings 12.03 and

12.15)(emphasis added).

    Dr. Cohen evaluated the "B criteria" of Listings 12.03 and

12.15 as to Plaintiff's conditions:

> [In] utilizing and applying information
> [Plaintiff] would be moderately impaired, with
> problems with disorganized thinking.  Interacting
> with others is moderately and markedly impaired
> with the paranoia and avoidance behavior.
> Concentration, persistence, and pace is moderately
> and markedly impaired, easily distracted with the
> auditory hallucinations and psychotic thinking,
> and the adapting and managing self is moderately
> impaired.  [Plaintiff] has problems controlling
> emotions.  So it's moderate to marked, moderate to
> marked, and moderate.  Thus it almost meets the B
> criteria.

Tr. 40.  Dr. Cohen also testified Plaintiff "me[t] the C

criteria" for both Listings on January 1, 2015, "based on the

combination of [Plaintiff's] impairments."  Tr. 39.  Dr. Cohen

noted his opinion contradicted the opinion of Plaintiff's

treating physician, Michael Robinson, M.D., but he also noted

Dr. Robinson's opinion is, in fact, contradicted by his own

treatment notes as well as "all of the other treatment records."

Tr. 39.  Dr. Cohen explained the record reflects Plaintiff has a

11 - OPINION AND ORDER

"marginal ability to adapt to the stress of work," which, if
added to "any ADLs [Plaintiff] can do, there would be auditory
hallucinations, increase in auditory hallucinations, mood swings,
an increase in disorganized thinking, an increase in paranoia to
the point where the claimant would miss work, three days a month
of work."  Tr. 39.

       The ALJ gave Dr. Cohen's opinion "little weight" on the
grounds that it is inconsistent with the opinion of Dr. Robinson,
Plaintiff's treating psychiatrist, "who has had the opportunity
to evaluate and observe [Plaintiff] in person"; Dr. Cohen's
opinion is contradicted by the medical evidence; and Dr. Cohen
did not "ma[ke any] mention of the findings in the record that
show the claimant made significant improvement in her symptoms in
a rather short period of time with the regular and consistent use
of prescribed medications."  Tr. 26.  The ALJ also noted
reviewing psychologists Winifred Ju, Ph.D., and Ben Kessler,
Psy.D., found Plaintiff had only moderate difficulty in her
ability to carry out detailed instructions, to maintain attention
and concentration for extended periods, and to interact
appropriately with the general public.  Tr. 80-81, 105-06.
Drs. Ju and Kessler found Plaintiff is able "to maintain
attention and concentration for simple routine tasks of two
steps or less and she can maintain this level of functioning
for an 8 hour workday and 40 hour work week" and "to interact

with the general public on an occasional basis."  Tr. 80-81,
105-06.

Plaintiff, however, asserts Dr. Cohen's opinion that
Plaintiff meets the C criteria of the Listings is not
contradicted by Dr. Robinson because Dr. Robinson did not address
the C criteria in his opinion.

On April 25, 2018, Dr. Robinson completed a psychological
questionnaire in which he noted he had been Plaintiff's mental-
health provider since March 2017 and provided Plaintiff with
therapy "every 2-3 months."  Tr. 1442.  Dr. Robinson diagnosed
Plaintiff with schizoaffective disorder, but he noted Plaintiff
did not have any "current active symptoms."  Tr. 1443.
Dr. Robinson noted Plaintiff had mild limitations in every area
except in her ability "to complete a normal workday and workweek
without psychologically based symptoms" and to "perform at a
consistent pace without an unreasonable number and length of rest
periods," with which she had moderate limitations.  Tr. 1444.
Dr. Robinson did not expect Plaintiff "to need to take
unscheduled breaks from even a simple, routine job outside of a
standard morning, lunch, and afternoon break due to exacerbations
of her mental health symptoms" or "to miss 16 hours . . . or more
per month from even a simple, routine job because of her
impairments, symptoms, or medications and their side effects."
Tr. 1445.  Dr. Robinson, however, stated he was not able to

respond as to whether Plaintiff's "conditions would cause her
to find even simple, routine work stressful and how [she] is
likely to respond when in a stressful situation."  Tr. 1445.
Dr. Robinson, therefore, did not address whether Plaintiff has
"marginal adjustment" or specifically whether she has a "minimal
capacity to adapt to changes in [her] environment or to demands
that are not already part of [her] daily life."

    Plaintiff also points out that the ALJ's reliance on the
fact that Plaintiff "made significant improvement in her symptoms
in a rather short period of time with the regular and consistent
use of prescribed medications" fails to take into consideration
Plaintiff's medical history.  The record reflects Plaintiff has a
history of noncompliance with medication because her mental
disorder includes "persistent paranoia and disorganized
thoughts."  Tr. 1152.  As a result, she has "numerous
hospitalizations for bipolar [symptoms]," and "she is often
admitted and treated involuntarily."  Tr. 1149.  For example,
Plaintiff had two involuntary psychiatric hospitalizations in
October 2016 and one in December 2016 due to events stemming from
manic episodes.  In January 2017 Plaintiff was incarcerated for
nearly a month after she suffered a "manic episode with
psychosis" and barricaded herself in her mother's house.
Tr. 1101.  Plaintiff was released to live at Serenity House
subject to various required conditions, including obtaining

supported employment.  Case-workers at Serenity House assisted
Plaintiff in obtaining supported employment.  In October 2017,
however, Plaintiff's case-worker discovered Plaintiff had stopped
going to work and lied to her manager about why she was not at
work.  As a result, Plaintiff went to mental-health court and was
sentenced to further jail time and a work-release program.  In
January 2018 Plaintiff returned to Serenity House, at which point
her case-worker noted "[d]espite participating in 4 groups per
week, meeting with a psychiatrist regularly, living in a sober
living facility, and staying sober for a year . . . [Plaintiff]
continues to experience a significant amount of anxiety and
depression."  Tr. 1450.  Plaintiff's case-worker estimated
Plaintiff would remain in treatment for "the next 8 months."
Tr. 1451.  Less than one month before the hearing Plaintiff moved
out of Serenity House back to her own home.  Six days before the
hearing Plaintiff obtained a job, but it is unclear whether she
had started working.  Thus, the record reflects Plaintiff
experienced improvement close to the May 1, 2018, hearing, but
she experienced that improvement in a controlled, highly
supportive setting.

On this record the Court concludes the ALJ erred when he
gave little weight to Dr. Cohen's opinion because the ALJ did not
provide clear and convincing reasons for doing so.

## REMAND

The Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

Here the Court concludes further proceedings are necessary. The Court notes if the ALJ fully credited Dr. Cohen's opinion,

16 - OPINION AND ORDER

the ALJ would be required to conclude at Step Three that Plaintiff's conditions met or equaled the C criteria of Listings 12.03 and 12.15.  Plaintiff, however, concedes she transitioned out of Serenity House before the May 1, 2018, hearing, and the record, therefore, is "not presently sufficiently developed to determine the further progress of her conditions."  Pl.'s Br. at 9.  Thus, the Court concludes a remand for further proceedings consistent with this Opinion and Order is required to permit the ALJ to determine the progress of Plaintiff's conditions and whether Plaintiff is disabled.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 28 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 29th day of July, 2020.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge


17 – OPINION AND ORDER